1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             EASTERN DISTRICT OF CALIFORNIA
10

11  KENNETH ANDERSON, individually      No. 2:10-cv-00158-MCE-GGH
    and on behalf of other members
12  of the general public similarly
    situated, and as aggrieved
13  employee pursuant to the Private
    Attorneys General Act (PAGA),
14
              Plaintiff,
15
        v.                             **MEMORANDUM AND ORDER**
16
    BLOCKBUSTER INC., a Delaware
17  Corporation, and DOES 1 through
    10, inclusive,
18
              Defendant.
19
20                   ----oo0oo----
21
22       Presently before the Court is a Motion to Dismiss
23  Plaintiff's First Amended Complaint brought by Defendant
24  Blockbuster, Inc. ("Defendant") pursuant to Federal Rule of Civil
25  Procedure 12(b)(6).  Defendant has also concurrently filed a
26  Motion to Strike pursuant to Federal Rule of Civil Procedure
27  12(f).  For the reasons set forth below, Defendant's Motion to
28  Dismiss will be granted with leave to amend.

                                1

**BACKGROUND**[1]

Plaintiff, a former employee of Blockbuster, worked as a "Shift Supervisor" from January 2008 through January 2009. Plaintiff alleges that he was entitled to receive certain wages for overtime compensation, all rest periods or payment of one additional hour of pay, full reimbursement for all business-related expenses and costs, at least minimum wages for compensation, and complete and accurate wage statements. He alleges that he did not receive these entitled benefits, nor did other persons similarly situated, who he seeks to join as class members, under Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3).

Plaintiff originally filed this class action lawsuit in the Superior Court of the State of California in and for the County of Sacramento. The case was removed to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

On March 11, 2010, after Defendant filed a Motion to Dismiss along with a request that certain portions of the complaint be stricken, Plaintiff filed his First Amended Complaint ("FAC").

///
///
///
///

---

[1] The factual assertions in this section are based on the allegations in Plaintiff's First Amended Complaint unless otherwise specified.

The FAC alleges eight causes of action for violations of California Labor Code §§ 510 and 1198 (unpaid overtime), California Labor Code § 226.7 (unpaid rest period premiums), California Labor Code §§ 2800 and 2802 (unpaid business expenses), California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages), California Labor Code §§ 201 and 202 (wages not timely paid upon termination), California Labor Code § 204 (wages not timely paid during employment), California Labor Code § 226(a) (non-compliance with wage statements), and California Business and Professions Code § 17200 (unfair competition).

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

3

1  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal
2  citations and quotations omitted).  Factual allegations must be
3  enough to raise a right to relief above the speculative level.
4  Id. (citing 5 C. Wright & A. Miller, Federal Practice and
5  Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must
6  contain something more...than...a statement of facts that merely
7  creates a suspicion [of] a legally cognizable right of action").
8  Assertions that are mere "legal conclusions," are not entitled to
9  the assumption of truth.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950
10 (2009) (citing Twombly, 550 U.S. at 555).

11      If the court grants a motion to dismiss a complaint, it must
12 then decide whether to grant leave to amend.  The court should
13 "freely give[]" leave to amend when there is no "undue delay, bad
14 faith[,] dilatory motive on the part of the movant,...undue
15 prejudice to the opposing party by virtue of...the amendment,
16 [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman
17 v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is
18 only denied when it is clear that the deficiencies of the
19 complaint cannot be cured by amendment.  DeSoto v. Yellow Freight
20 Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

21      The Court may strike "from any pleading any insufficient
22 defense or any redundant, immaterial, impertinent, or scandalous
23 matter."  Fed. R. Civ. P. 12(f).  "(T)he function of a 12(f)
24 motion to strike is to avoid the expenditure of time and money
25 that must arise from litigating spurious issues by dispensing
26 with those issues prior to trial...."  Sidney-Vinstein v. A.H.
27 Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).
28 ///

Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)) (internal citations and quotations omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Id.

**ANALYSIS**

Plaintiff's eight causes of action fail to meet the requisite pleading standard. Under each cause of action, Plaintiff only recites the law before making a legal conclusion referencing the Defendant. Plaintiff's unsubstantiated allegations fail to state viable claims.

A complaint needs only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations are not required." Iqbal, 129 S. Ct. at 1949. However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks and alterations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940 (citing Twombly, 550 U.S. at 556).

1    Here, Plaintiff does not meet this standard for any of the
2 causes of action he attempts to assert.  Plaintiff's First Cause
3 of Action, for example, alleges a violation of California Labor
4 Code §§ 510 and 1198 (Unpaid Overtime).  The FAC contends that
5 "Plaintiff and class members consistently worked in excess of
6 eight hours in a day, in excess of 12 hours in a day and/or in
7 excess of 40 hours in a week."  (FAC ¶ 44.)  Plaintiff further
8 alleges that "Defendants willfully failed to pay all overtime."
9 (FAC ¶ 45.)

10   In DeLeon v. Time Warner Cable LLC, the plaintiff alleged
11 these exact same facts in his FAC and the court ultimately found
12 that plaintiff's FAC "recites the statutory language setting
13 forth elements of the claim, and then slavishly repeats the
14 statutory language as to the purported factual allegations."
15 DeLeon, 2009 U.S. Dist. LEXIS 74345, at *7 (C.D. Cal. July 17,
16 2009) (granting a motion to dismiss for plaintiff's failure to
17 state a claim under the California Labor Code sections).  Like
18 the allegations in DeLeon, Plaintiff's allegations here are "no
19 more than conclusions, [and] are not entitled to the assumption
20 of truth."  Iqbal, 129 S. Ct. at 1950; see also Doe I v. Wal-Mart
21 Stores, Inc., 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs'
22 allegations do not support the conclusion that Wal-Mart is
23 Plaintiffs' employer.  Plaintiffs' general statement that Wal-
24 Mart exercised control over their day-to-day employment is a
25 conclusion, not a factual allegation stated with any specificity.
26 We need not accept Plaintiffs' unwarranted conclusion in
27 reviewing a motion to dismiss.") (citing Iqbal, 129 S. Ct. at
28 1953; Twombly, 550 U.S. at 555).

6

Similarly, in Plaintiff's Fourth, Fifth, and Sixth Causes of Action, Plaintiff claims that Defendant violated California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages), §§ 201 and 202 (Wages Not Timely Paid upon Termination), and § 204 (Wages Not Timely Paid During Employment), respectively.  With each claim, Plaintiff merely gives a final legal conclusion referencing Defendant.  In his Fourth Cause of Action, for instance, Plaintiff simply states that "Defendants regularly failed to pay minimum wage to Plaintiff."  (FAC ¶ 67.)  Plaintiff's Fifth Cause of Action, only avers that "Defendants willfully failed to pay Plaintiff and class members who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within 72 hours of their leaving Defendants' employ."  (FAC ¶ 74.)  Finally, for his Sixth Cause of Action, Plaintiff asserts nothing more than that "Defendants willfully failed to pay Plaintiff and class members all wages due to them, within any time period permissible by California Labor Code section 204."  (FAC ¶ 83.)

These conclusory allegations do not meet minimum pleading requirements.  Plaintiff fails to state when or how Defendant failed to pay the required wages.  Without more, such legal conclusions do not suffice.

Plaintiff's remaining Causes of Action are similarly plead.  It is not enough to simply parrot the statutory language for each purported claim.  To withstand a motion to dismiss, "Plaintiff must plead sufficient 'factual content' to allow the Court to make a reasonable inference that Defendant is liable for the claims alleged by Plaintiff."

7

1  DeLeon, 2009 U.S. Dist. LEXIS 74345, at *7 (citing Iqbal, 129 S.
2  Ct. at 1940; Twombly, 550 U.S. at 556); See also Adams v.
3  Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) (stating that
4  "conclusory allegations of law and unwarranted inferences are
5  insufficient to defeat a motion to dismiss").  Plaintiff's FAC
6  does not meet this standard.[2]

7       With respect to the class allegations, in his Opposition to
8  the Motion to Dismiss, Plaintiff does not rebut Defendant's
9  argument that the allegations related to the class claims are
10 insufficiently plead.  This Court agrees that the FAC "should
11 allege more specific facts about Plaintiff himself, if not about
12 the entire class."  DeLeon, 2009 U.S. Dist. LEXIS 74345, at *7
13 (citing In re Tobacco II Cases, 46 Cal. 4th 298, 306 (2009)
14 (finding in the context of a UCL claim that standing requirements
15 should be relaxed as to class members but not as to the purported
16 lead plaintiff).  Accordingly, the class claims are also
17 insufficient.
18 ///
19 ///
20 ///

---

[2] This Court notes Defendant's argument with respect to the so-called first-to-file rule.  Under that rule, "when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy."  Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997) (emphasis added).  Because Defendant's Reply and Notice of Related Case indicates for the first time that an allegedly similar case is indeed pending in another federal district court, after having been removed from state court, this Court declines to comment on the effect, if any, of that additional federal action without further briefing.

In his Opposition to the Motion to Dismiss, Plaintiff requests that he be given leave to amend should the Motion be granted. (Pl.'s Opp'n to Def.'s Mot. to Dismiss 15:18-27.) He states that "[i]nsofar as the pleading deficiency Defendant alleges is not intrinsic to the causes of action, and can be remedied simply by the inclusion of additional factual detail in the operative complaint, the equities and the overwhelming standard favoring leave to amend over dismissal command that leave to amend be granted." (Pl.'s Opp'n to Def.'s Mot. to Dismiss 15:28-16:1-4.) Given that leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment, Plaintiff is entitled leave to amend his FAC so that he can conform with applicable pleading standards. DeSoto, 957 F.2d at 658.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss (Docket No. 21) is GRANTED with leave to amend.[3] Plaintiff may attempt to rectify the pleading deficiencies of the FAC by filing an amended complaint within twenty-one (21) days after the date of this Memorandum and Order is electronically filed.

///
///
///

---

[3] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1  Because Plaintiff's entire complaint is dismissed at this
2  juncture for failure to state a viable claim, Defendant's
3  concurrently filed Motion to Strike (also contained within Docket
4  No. 21) is rendered moot and is DENIED on that basis.
5      IT IS SO ORDERED.
6  Dated: May 4, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE